# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Resident Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

Ms. Beverly McLeish
418 New Castle Ave.
Dover, DE 19901

Mr. James H. McMackin, III, Esquire
Ms. Allyson M. Britton, Esquire
Ms. Michelle G. Bounds, Esquire
Morris James LLP
3205 Avenue North Blvd., Suite 100
Wilmington, DE 19803

Submitted: May 6, 2026
Decided: May 27, 2026

**RE:** ***Beverly McLeish/R. M. v. Caesar Rodney School District, et al.,***
**C.A. No. K26C-01-014 JJC**

Dear Counsel and Ms. McLeish:

Defendants Caesar Rodney School District and Jessilene Corbett (collectively, "CR") move to dismiss a complaint Ms. Beverly McLeish filed on behalf of her minor grandson. Ms. McLeish and her grandson both reside in the Capital School District (hereinafter, "Capital"). Two years ago, she sought to choice him at a school in CR. She alleges that CR wrongfully denied him school choice when she did.

Ms. McLeish's complaint asks for no relief that the Court is capable of granting. The Court nevertheless held oral argument on CR's motion to dismiss. Ms. McLeish explained at argument that she seeks a judgment to require CR to enroll her grandson at some unspecified time in the future. For the reasons to follow, CR's

motion to dismiss must be granted. Additionally, any amendment to her complaint would be futile because she has filed no school choice application with CR for the upcoming school year. That makes dismissal with prejudice the appropriate disposition.

## BACKGROUND

The facts recited herein are gleaned from (1) Ms. McLeish's complaint, (2) her representations at oral argument, and (3) the exhibits she filed in response to CR's motion to dismiss. The allegations in her complaint provide the limited record on CR's motion to dismiss. Nevertheless, the Court considers the statements she made during oral argument and her exhibits for the limited purpose of determining whether an amendment to cure the deficiencies in her complaint would be futile.[1]

In Ms. McLeish's complaint, she requests no remedy other than a demand to choice her grandson in a CR school. Specifically, she alleges two things: (1) CR wrongfully denied her grandson's school choice application and (2) CR, through the actions of one of its administrators, wrongfully transported her grandson to a school in the Capital district one day in January 2024.

At oral argument, the Court asked Ms. McLeish to clarify what relief she seeks. She confirmed that she seeks no monetary damages from CR. Rather, she asks the Court to recognize that CR wrongfully denied her grandson school choice and that CR wrongfully sent him to a school in his district of residence without her knowledge on that single day in January 2024. Furthermore, she admitted at oral argument that (1) her and her grandson reside in Capital and (2) they have no school

---

[1] *See Bristow v. Nemours Found.*, 2023 WL 4994093, at *5 (Del. Super. July 24, 2023) ("When prudent to do so, the Court can consider extraneous facts presented by the parties for the sole purpose of determining the futility of a proposed amendment."); *Sadler-Ievoli v. Sutton Bus & Truck Co.*, 2013 WL 3010719, at *4 (Del. Super. June 4, 2013) (considering extraneous materials to determine whether amendment would be futile).

choice application pending with CR for the upcoming year.[2]    When the Court pressed her further about the purpose of her suit, she explained that she seeks an order that CR enroll her grandson at some point in the future.

## APPLICABLE STANDARDS

When deciding a Superior Court Civil Rule 12(b)(6) motion, the Court must consider only the complaint, and the exhibits and documents incorporated therein.[3] It must accept the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  In Delaware, the standard to survive a motion to dismiss is reasonable conceivability.[4]  Under this standard, the Court cannot dismiss a claim unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.[5]

The same standard applies when determining whether an amended complaint meets pleading standards.[6]  The Court  also applies that standard when determining whether a proposed amendment would be futile, which is a necessary inquiry in this case.  A proposed amendment is futile if the changes to the complaint could not permit recovery under any reasonably conceivable set of circumstances susceptible

---

[2] One of Ms. McLeish's exhibits, D.I. 13, shows that CR received a school choice application for the 2024-2025 school year.

[3] *See In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) ("The complaint generally defines the universe of facts that the trial court may consider in ruling on a Rule 12(b)(6) motion to dismiss.").

[4] *Fontana v. CSX Transp., Inc.*, 330 A.3d 967, 975 (Del. Super. 2025).

[5] *Id.*

[6] *See E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, 2008 WL 555919, at *1 (Del. Super. 2008) ("The standard for assessing the legal sufficiency of a proposed amended complaint is the same standard applicable to a motion to dismiss under Rule 12(b)(6)—all allegations in the amended complaint must be accepted as true, and the proposed amendment will not be dismissed unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.").

of proof.[7]  The Court may deny a motion to amend a complaint and dismiss it with prejudice if the possible amendment would be futile.[8]

Finally, CR's motion requires the Court to apply a doctrine of judicial nonintervention.  Namely, there is a statutorily created administrative process that controls school choice applications.  This process requires a local board decision as a first step when considering a school choice application.  The doctrine of exhaustion of administrative remedies applies in this setting to prevent "judicial interference in the administrative process . . . to allow the agencies an opportunity to develop a complete factual record, apply their expertise and discretion, and possibly resolve the conflict without judicial intervention."[9]  Stated more succinctly, "where a remedy before an administrative agency is provided, relief must [first] be sought by exhausting this remedy before the courts will either review any action by the agency or provide an independent remedy."[10]  This restraint both limits and channels court review of administrative decisions.[11]

## ANALYSIS

Students presumptively attend the school districts in which they reside.  The General Assembly created an administrative process that permits students to request school choice into a district other than their districts of residence, however.  Chapter

---

[7] *Duncan v. Garvin*, 2024 WL 3596138, at *7 (Del. Super. July 31, 2024).

[8] *See Infomedia Grp., Inc. v. Orange Health Sols., Inc.*, 2020 WL 4384087, at *10 (Del. Super. July 31, 2020) (dismissing complaint based on extra-contractual representations with prejudice because of futility).

[9] *Eastern Shore Env't, Inc. v. Kent Cnty. Dep't of Plan.*, 2002 WL 244690, at *5 (Del. Ch. Feb. 1, 2002).

[10] *Levinson v. Delaware Compensation Rating Bureau, Inc.*, 616 A.2d 1182, 1187 (Del. 1992).

[11] *Div. of Revenue v. Odoemene*, 2021 WL 4452829, at *2 (Del. Super. Sept. 29, 2021) (denying motion to strike certificate of assessment in tax collection action where defendant failed to exhaust administrative remedies offered by Division of Revenue); *Garvin v. Booth*, 2019 WL 3017419, at *3–5 (Del. Super. July 10, 2019) (granting summary judgment to state agency on liability for remedial costs and civil penalties where defendants had voluntarily withdrawn their administrative appeal of agency order finding liability for release of hazardous materials and thus failing to exhaust his administrative remedies).

4 of Title 14 of the Delaware Code (hereinafter, the "School Choice Provisions" or the "Provisions") governs the process and procedures for the requests. The Provisions enable local boards to set their own policies and criteria for choice and provide them considerable discretion when doing so.[12] This discretion and local board control provides each school district the authority to create the criteria for accepting and rejecting applications.[13]

The school choice process *must* start with an application filed by the guardian with the receiving district and the student's district of residence.[14] Receiving districts must then approve applications that meet their criteria unless the receiving school exceeds its maximum capacity.[15] Thereafter, applicants have the right to appeal adverse school choice decisions to the State Board of Education.[16]

With that background, the focus turns to the sufficiency of Ms. McLeish's complaint and whether it states a claim upon which relief may be granted. Here, her complaint requests no relief that the Court can provide. Namely, it requests no monetary or nominal damages. Nor does it plead damages generally. While the complaint can be fairly read as a request that the Court require CR to reconsider a two-year-old school choice denial, such a claim has long-since been moot. Two school choice application deadlines have since passed.[17] Ms. McLeish filed no applications during those years and has not filed one for the upcoming school year.

---

[12] *See* 14 *Del. C.* § 405(a) ("Each receiving local education agency shall adopt and make available a policy regarding the order in which applications for enrollment pursuant to this chapter shall be considered and the criteria by which such applications shall be evaluated.").

[13] *Id.* § 405(b).

[14] *Id.* § 403(a)(1). The application may alternatively be filed with the Department of Education but the local district is the entity that acts on the application.

[15] *Id.* § 405(c). The School Choice Provisions set 85% of actual physical capacity as maximum capacity for school choice purposes. *Id.* § 405(d).

[16] 14 *Del. C.* § 1058. Only then is there a further right of appeal from the State Board to the Superior Court.

[17] *See id.* § 403(a)(1) (establishing the deadline for school choice applications for the following year as the second Wednesday in January for enrollment during the following school year).

Moreover, her grandson has already completed the 2024-2025 school year in Capital – his district of residence. The Court cannot go back in time to order CR to retroactively grant an application and admit a student after the school year has concluded. Dismissal of her complaint is appropriate on this basis.

A dismissal under Rule 12(b)(6) is generally without prejudice because leave to amend complaints is liberally granted. This rule of pleading provides a party significant latitude to remedy any deficiencies. Leave to amend, however, is properly denied if an amendment would be futile.

At the outset, Ms. McLeish has not requested to amend her complaint. Nevertheless, given her self-represented status, the Court provided her the opportunity at oral argument to explain what relief she believed she deserved for purposes of a futility review. Again, she confirmed that she seeks no monetary damages for her or her grandson. Instead, she requests: (1) recognition that CR wrongly turned her grandson away from school and transported him to a school at Capital on that single day in January 2024, and (2) a court order that he be accepted at CR at some unspecified point in the future. Neither are remedies the Court can grant under the circumstances.

As to her first request, she seeks nothing more than an advisory opinion regarding the administrator's actions in sending her grandson to a school in Capital without her permission. The civil justice system requires a case or controversy to trigger court review. Here, there is none given the absence of a request for any cognizable relief.

Regarding her second request, her failure to exhaust the administrative remedies provided in the School Choice Provisions make any possible claim for future relief in the upcoming 2026-2027 school year futile. The filing of an application required under the School Choice Provisions is a prerequisite to starting

the administrative process—a process she would have had to begin and complete before requesting relief from this Court.

## CONCLUSION

For these reasons, CR's motion to dismiss is **GRANTED.** Because any possible amendment to the complaint would be futile, the dismissal is **with prejudice**.

**IT IS SO ORDERED.**

Very truly yours,

/s/ Jeffrey J Clark
Resident Judge